**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
__RALEIGH__ DIVISION

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Angela Amour** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| Case number: | **25-00865-5-DMW** |
| (If known) | |

☑ Check if this is an amended plan and list below the sections of the plan that have been changed.
2.1

# CHAPTER 13 PLAN

---

## Part 1:    Notices

**Definitions:**    Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):**    This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:**    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. _**Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.**_

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2:    Plan Payments and Length of Plan

**2.1  The Debtor(s) shall make regular payments to the Trustee as follows:**
$ __750.00__ per __Month__ for __2__ months and $ __982.00__ per __Month__ for __58__ months

*(Insert additional line(s), if needed.)*

Debtor    __**Angela Amour**_____    Case number    _____

**2.2  Additional payments.** (*Check one.*)

☑ **None.** (*If "None" is checked, the rest of this section need not be completed or reproduced*)

**2.3  The total amount of estimated payments to the Trustee is $** ___58,456___ .

**2.4  Adjustments to the Payment Schedule/Base Plan** (*Check one*).

☑ **None.**

☐ **Confirmation of this plan shall <u>not</u> prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5  Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**

The Applicable Commitment Period of the Debtor(s) is **36** months, and the projected disposable income of the Debtor(s), as referenced to in 11 U.S.C. § 1325(b)(1)(B), is $ ___0.00___ per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimated to be paid to holders of non-priority unsecured claims. In this case, this amount is $ ___0.00___

| Part 3: | Treatment of Secured Claims |
| --- | --- |

**3.1  Lien Retention.**

The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:

**(a)** payment of the underlying debt determined under nonbankruptcy law, or

**(b)** discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2  Maintenance of Payments and Cure of Default (if any)** (*Check one.*)

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3  Request for Valuation of Security and Modification of Undersecured Claims.** (*Check one*)

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if there is a check in the box "Included" in Part 1, § 1.1, of this plan, above.*

*Requests for Valuation of Collateral and Modification of Undersecured Claims for Real Estate may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing. Note that a separate motion must be brought if the collateral is real estate, but not if the collateral is personal property.*

☑ The Debtor(s) request that the Court determine the value of the collateral securing each of the claims listed below. For each non-governmental secured claim listed below, the Debtor(s) propose to treat each claim as secured in the amount set out in the column headed *"Amount of Secured Claim."* For secured claims of governmental units, unless otherwise ordered by the Court, the value of the collateral listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary valuation amount listed below. For each listed claim, the amount of the secured claim will be amortized and paid with interest at the stated rate over the life of the plan. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's entire claim will be treated as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on its proof of claim controls over any contrary amount listed in this paragraph. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate |
| --- | --- | --- | --- | --- | --- | --- |
| **EXETER FINANCE** | $28,960.00 | 2018 Jeep Wrangler 199000 miles | $28,960.00 | $0.00 | $0.00 | 9.5% |

*Insert additional claims as needed.*

**3.4  Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

Debtor    **Angela Amour**        Case number

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Surrender of Collateral.** *(Check one.)*
☑ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

**Part 4:**   **Treatment of Fees and Priority Claims**

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be    **8.00**    % of amounts disbursed by the Trustee under the plan and are estimated to total $   **4,084.80**   .

**4.3 Debtor(s)' Attorney's Fees.** *(Check one below, as appropriate.)*
☑   Debtor(s)' attorney has agreed to accept as a base fee $   **6,500.00**   , of which $   **0.00**   was paid prior to filing. The Debtor(s)' attorney requests that the balance of $   **6,500.00**   be paid through the plan.

☐   The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $_____, of which $_____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $_____ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**
☐   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
☑   Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim For: | Estimated Claim Amount |
|---|---|---|
| Internal Revenue Service | Commitments to maintain capital | $11,513.00 |

**Part 5:**   **Unsecured Non-priority Claims**

**5.1 General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a *pro rata* distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, <u>no specific distribution</u> to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
☑ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

**Part 6:**   **Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.** *(Check one.)*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

**Part 7:**   **Miscellaneous Provisions**

Debtor    __Angela Amour__    Case number _____

**7.1 Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
☐ plan confirmation.
☑ discharge
☐ other: _____

**7.2 Use, Sale, or Lease of Property:** The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

**Part 8:    Nonstandard Plan Provisions**

**8.1 Check "None" or List Nonstandard Plan Provisions.**

☑    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**Part 9:    Signatures**

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

**If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s)' signatures are optional. The attorney for Debtor(s), if any, must sign below.**

X  __/s/ Angela Amour_____         X  _____
   **Angela Amour**                          Signature of Debtor 2
   Signature of Debtor 1

   Executed on  __May 25, 2025_____      Executed on  _____


By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

X  __/s/ Calvin C Craig, III_____    Date  __May 25, 2025_____
   **Calvin C Craig, III 35229**                    MM/DD/YYYY
   Signature of Attorney for Debtor(s)

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

## CERTIFICATE OF SERVICE

I, Calvin C. Craig, III, Post Office Box 27883, Raleigh, N.C. 27611 certify;

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 25th day of May 2025, I served copies of **Amended Chapter 13 Plan** on the parties listed below herein **via CM/ECF** or by depositing a copy thereof in a depository of the U.S. Postal Service, postage prepaid, addressed to the following:

Respectfully submitted May 25, 2025

/s/___ Calvin C. Craig, III
Calvin C. Craig, III
*Counsel for Debtor*
P.O. Box 27883
Raleigh, NC  27611
Telephone: (919) 624-5982
e-mail:ccraiglaw@aol.com
State Bar #35229

Michael Burnett
Chapter 13 Trustee
P.O. Box 61039
Raleigh, NC 27661-1039

Raleigh Ophthalmology.PC
PO Box 1870
Cary, NC 27512

EXETER FINANCE
102 WEST JOHN CARPENTER FWY
Irving, TX 75063

Indigo Mastercard
Concora Credit
PO Box 96541
Charlotte, NC 28296

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Quick Pass
PO Box 14430
Fort Lauderdale, FL 33302

Wake Med health and Hospitals
P.O. BOX 14465
Raleigh, NC 27620

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                                           CASE NO.  25-00865-5-DMW

Angela Amour
                                                                CHAPTER 13

DEBTOR

**DEBTOR NOTICE OF CONTINUED CONFIRMATION HEARING RESCHEDULED**

**OBJECTION DEADLINE: July 8, 2025**

**YOU ARE HEREBY NOTIFIED** that **Angela Amour** filed an Amended Chapter 13 Plan on May 25, 2025. The scheduled Confirmation Hearing has been rescheduled. If you oppose the confirmation of her plan, your objection must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections. In the absence of a timely, substantiated objection by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

YOU ARE FURTHER NOTIFIED that a hearing on this matter has been scheduled for 10:30 a.m. on July 9, 2025, at 300 Fayetteville Street, 3rd Floor Courtroom, Raleigh, NC 27602.

Dated May 25, 2025

s/ Calvin C. Craig, III
Calvin C Craig, III
Attorney for Debtor
P.O. Box 27883
Raleigh, NC  27611
Telephone: (919) 624-5982
e-mail:ccraiglaw@aol.com

## CERTIFICATE OF SERVICE

I, Calvin C. Craig, III, Post Office Box 27883, Raleigh, N.C. 27611 certify;

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of

age;

That on May 25, 2025 , I served copies of the **NOTICE OF CONTINUED**

**CONFIRMATION HEARING RESCHEDULED** on the parties listed below herein **via**

**CM/ECF** or by depositing a copy thereof in a depository of the U.S. Postal Service, postage

prepaid, addressed to the following:


DATED: May 25, 2025

s/ Calvin C. Craig, III
Calvin C Craig, III
Attorney for Debtor
P.O. Box 27883
Raleigh, NC  27611
Telephone: (919) 624-5982
e-mail:ccraiglaw@aol.com

Michael Burnett
Chapter 13 Trustee
P.O. Box 61039
Raleigh, NC 27661-1039

Raleigh Ophthalmology. PC
PO Box 1870
Cary, NC 27512

EXETER FINANCE
102 WEST JOHN CARPENTER FWY
Irving, TX 75063

Indigo Mastercard
Concora Credit
PO Box 96541
Charlotte, NC 28296

INTERNAL REVENUE SERVICE
Attn:  Managing Agent
I600 ARCH ST ROOM 5200

PHILADELPHIA, PA 19106

INTERNAL REVENUE SERVICE
Attention: Managing Agent
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

Quick Pass
PO Box 14430
Fort Lauderdale, FL 33302

Wake Med health and Hospitals
P.O. BOX 14465
Raleigh, NC 27620